IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL ARMSTRONG,<br><br>　　Plaintiff,<br><br>v.<br>MATTHEW DEVANE BREAUX<br>BREAUX HOLDINGS LLC,<br><br>　　Defendant. | Civil Action No.<br><br>1:24-cv-02042-SCJ-JKL<br><br>CONFERENCE IS<br>REQUESTED |

## **CONSOLIDATED PROPOSED PRETRIAL ORDER**

1.

There are no motions or other matters pending for consideration by the court except as noted: Defendant(s) shall file a motion to dismiss based on Rule 4 if this case is not dismissed a week prior to trial.

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

1

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:          Amanda A. Farahany

Defendant:          Rhonda Kunkle

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

No objection.

7.

The captioned case shall be tried (_x____) to a jury or (_____) to the court without a jury, or (_____) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

No objections. There are no issues to be bifurcated.

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination. Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination. Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination. The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to plaintiff's voir dire questions:

NONE

State any objections to defendant's voir dire questions:

State any objections to the voir dire questions of the other parties, if any:

## 12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

DEFENDANT(S) :  No Objection

## 13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

Defendant(s)

We are not aware of any pending litigation.


14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.


15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence.

All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the noncooperating counsel.

17.

The legal issues to be tried are as follows:

Defendant(s) Issues to be tried

1.  Did the Defendant, Matthew Devane Breaux commit Racial discrimination against his employee, Plaintiff, Michael Armstrong?

2.  If it is found that racial discrimination has occurred was the employer made aware of the name calling between employees? If so, did the General Manager fail to act?

3.  Can a hostile work environment be found? Was the Respondent(s) the cause of a hostile work environment?

4.  Was Michael Armstrong fired or did he, quit without providing notice, and without provocation?

5.  Was Michael Armstrong falsifying his allegations against Matthew Devane Breaux and Breaux Holding LLC.

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule

702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness. All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list. Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy

copy of each party's list must be submitted for use by the judge. Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits. Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity. Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial. Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the

case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury. Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special

form of submission, parties will propose their separate forms for the consideration of the court.

Defendant(s) agree

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on _____, 20_____, to discuss in good faith the possibility of settlement of this case. The court (_____) has or (_____) has not discussed settlement of this case with counsel. It appears at this time that there is:

(_____) A good possibility of settlement.

(_____) Some possibility of settlement.

(_____) Little possibility of settlement.

(__x___) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

28.

The plaintiff estimates that it will require _____ days to present its evidence. The defendant estimates that it will require 1.5 days to present its evidence. The other parties estimate that it will require __3___ days to present their evidence. It is estimated that the total trial time is 4.5 days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (_____) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the

pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____,

20__.

_____

UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the

foregoing pretrial order, which has been prepared in accordance with the form

pretrial order adopted by this court.

**BARRETT & FARAHANY**                    **RHONDA BREAUX KUNKLE**

*s/ Amanda A. Farahany*                    s/ *Rhonda Breaux Kunkle*

Amanda A. Farahany                          Rhonda Breaux Kunkle
Georgia Bar No. 646135                      Georgia Bar No. 078970
2921 Piedmont Rd.                           166 Anderson St. Ste 124
Atlanta, GA 30305                           Marietta Ga. 30060
(404) 214-0120                              770-881-1009
amanda@justiceatwork.com                    kunklelaw@yahoo.com

***Counsel for Plaintiff***                    ***Counsel for Defendant***

## **Attachment A**

(questions for court to propound on jurors re their legal qualifications to serve)

### **Plaintiff's Questions to Jurors Regarding Legal Qualifications to Serve**

1. Do you have trouble reading, writing, speaking, or understanding the English language?

2. Are you over the age of 18?

3. Are you a citizen of the United States?

4. Jurors for the Northern District of Georgia must reside in one of the following counties:_____.
   Are you a resident of one of these counties?

5. Have you resided in one of these counties for a period of at least one year?

6. Do you have trouble seeing or hearing well? Do you have any other physical or mental health condition that would prevent you from serving as a juror in this case?

7. This trial could take up to ___3___ days. Does that present a special problem for you?

8. Have you read or heard anything about this case?

9. Do any of you have a charge pending against you for the commission of, or have you been convicted in State or Federal Court of a crime punishable

by imprisonment for more than one year, and if so, have your civil rights been restored?

10. Do you know of any reason that you could not pass judgment in a case?

11. Do you know of any reason that you could not apply the rules as they may be stated to you by the Judge?

12. Are you or any members of your immediate family related by blood or marriage to Plaintiff Michael Armstrong?

13. Do you or any members of your immediate family know Plaintiff Michael Armstrong?

14. Are you or any members of your immediate family related by blood or marriage to Defendant ?

15. Do you or any members of your immediate family know Defendant ?

16. Are you related by blood or marriage to any of the attorneys in this case: Amanda A. Farahany, Rhonda Kunkle?

17. Do you or any members of your immediate family know any of the attorneys in this case: Amanda A. Farahany, Rhonda Kunkle?

18. Are you, or are any of your blood relatives, presently or in the past, an employee of Defendant ?

## **Attachment B-1**

<span style="color:red">(general questions which plaintiff wishes to be propounded to the jurors on voir dire examination)</span>

## **PLAINTIFF'S PROSPECTIVE VOIR DIRE**

Plaintiff includes two (2) sets of questions for Voir Dire. The first are general questions which Plaintiff proposes the Court include in a written questionnaire. The second are questions which Plaintiff submits to ask the jury panel directly.

## **QUESTIONS WHICH PLAINTIFF WISHES TO BE PROPOUNDED TO JURORS ON WRITTEN EXAMINATION**

The questions which Plaintiff requests that the Court propound to the jurors on written examination include the following:

1. Please state your full name.

2. Where do you live? How long have you lived there? With whom do you live?

3. What is your date of birth?

4. What is your marital status?

5. What is your spouse's name? Children's names and ages?

6. What is your occupation?

7. What is your spouse's occupation?

8. What is your highest level of education?

9. What is your spouse's highest level of education?

10. Have you or a family member ever sued anyone? If so, please provide details.

11. Have you or a family member ever been sued? If so, please provide details.

12. Are you involved in any civic or volunteer organizations? If so, please tell us about them.

13. Do you have any training in the following:

    a. Human resources;

    b. Law or the legal field; and/or

    c. Office work, for example secretarial, data entry, and or human resources.

14. How would you describe your political leanings:

    a. Very conservative;

    b. Conservative;

    c. Moderate;

    d. Liberal;

    e. Very Liberal;

    f. Other;

    g. Prefer not to answer

15. Have you or a family member ever thought you had good reason to sue, but decided against it?

16. Have you or a family member had any training or education regarding equal employment opportunity policies?

17. Have you or a family member had any training or education regarding privacy policies?

18. Have you or a family member developed policies in the workplace, or been required to implement policies in the workplace?

19. Do you own your own business, or have you owned your own business in the past?

20. What news stations do you watch on TV, if any?

21. Do you listen to any talk radio shows? Which shows do you listen to?

22. Do you get news from the Internet? Which websites do you visit most often for the news?

## <u>PLAINTIFF'S GENERAL VOIR DIRE QUESTIONS</u>

The questions which Plaintiff seeks to directly propound to the jury panel are as follows:

1. Have you read or seen any of the news coverage of this case in any local newspapers or local news stations? What effect – even a little – do you think this news coverage might have on how you would view the evidence in this case?

2. Has anybody here heard about 42 U.S.C. § 1981? What have you heard about it?

3. Has anybody here heard about Title VII of the Civil Rights Act? What have you heard about it?

4. Has anybody here heard about the Age Discrimination in Employment Act? What have you heard about it?

5. Has anybody here heard about the Americans with Disabilities Act? What have you heard about it?

6. Has anybody here heard about the Family and Medical Leave Act? What have you heard about it?

7. Has anybody here heard about the Fair Labor Standards Act? What have you heard about it?

8.  Has anybody here heard about GINA? What have you heard about it?

9.  Has anybody here heard about the Equal Pay Act? What have you heard about it?

10. Is there anything in your background or experience that could make you find for or against a company just because you would not want to hurt the company?

11. Have you previously served on a jury in either state or federal court? If so, please tell us the type of case, and whether the jury reached a verdict.

12. If you have previously served on a jury, were you satisfied with your jury service?

13. Some people believe there are too many frivolous lawsuits, with people trying to get rich off of a corporation. Others believe that lawsuits and courts are necessary because it's the only place where an individual can stand up to powerful corporations. Which view are you a little closer to? Why?

14. Many people are concerned with what they call "tort reform": too many lawsuits, big verdicts, runaway juries, greedy lawyers all driving up prices and driving away jobs. As a result, some people think that the court system needs changes. Others think things are okay as they are. Which view are

you a little closer to?  Why?

15.Does any member of the panel believe that the civil justice system should be changed to limit the ability of employees to bring claims against their employers?

16.Does any member of the panel belong to any organization which favors changing the law in order to limit a victim's rights to recover?

17.Is there any member of the panel who would start this trial with even the slightest negative feelings about Plaintiff and her case, for any reason at all?

18.This is a case in which money damages are sought as compensation for discrimination and retaliation of an employee. Do you have any disagreement whatsoever with our system of justice which provides that disputes such as this should be brought before a jury of people such as yourself for resolution?

19.Some people feel that a Plaintiff should not come to court asking a jury to compensate them for the damages they allege to have suffered. Others feel that it is appropriate. Are you closer, even a little bit, to the group that feels that a Plaintiff should not come to court asking a jury to award an amount of money for damages?  Why?

20. Some people have trouble allowing money in their verdicts for things like emotional distress or mental anguish. Others are okay with it. Which are you a little closer to? Why?

21. What problems, even small ones, might you have with including money in a verdict for someone's pain and suffering where that person did not lose any money?

22. Some folks have some philosophical, moral or other reasons for not allowing money for pain or suffering. Others are okay with it. Which are you closer to?  Why?

23. Some people feel that most people will exaggerate their pain to get more money from a jury. Others don't think so. Which are you closer to? Why?

24. Who here knows anyone who's ever been accused of exaggerating their pain when they were really telling the truth? Tell us about it.

25. Under what circumstances would you think it is appropriate to require a company to pay money as punishment or to deter wrongdoing – instead of just to compensate someone for the harm they've experienced?

26. Plaintiff is seeking damages in a significant amount. If you believe from the evidence presented and the law as given you in the charges by the Court that Plaintiff is entitled to recover such amount, please raise your hand if

you would have any hesitation whatsoever about awarding a significant amount of damages.

27. How do you feel about whether there should be upper or lower limits on the amount of money jurors should be allowed to give?

28. At the end of this trial, if you think it will take just $50 to make up for what happened here – but if you know that the Plaintiff wants much more than $50 – what trouble would you have ignoring what the Plaintiff wants and deciding on a verdict of only fifty dollars, if that's what you think is fair, in spite of feeling sorry for the Plaintiff?

29. Now here's the other side of that question. If you decide it will take, say, twenty-five million dollars to make up for what happened to the Plaintiff, what trouble would you have – even a little – in deciding on a verdict like that if you thought it was fair, in spite of feeling sorry for the Defendant, who'll want it to be much less?

30. Responsibility means paying enough money compensation to fully equal the losses and level of harm – without putting anything into the scale except those losses and harms. That's the law. Who here thinks they might have trouble, even a little, keeping things off the scale that don't belong there?

31. Have any of you or any of your relatives or close personal friends ever experienced discrimination in the work-place?

32. Has anyone here ever lost a job after complaining about something they believed was wrong? Tell us about it. How long did it take after the complaint? Were you treated differently after the complaint?

33. Has anyone here ever been accused of something they didn't do? Tell us about it.

34. When an employee complains about something they believe is discrimination against <u>another</u> employee, some people believe that employee is butting in where she doesn't belong and should mind her own business.  Others believe that such an employee is doing the right thing. Which view are you closer to, even a little?  Why?

35. How many of you have ever filed a charge of discrimination against any employer with any state or federal agency like the United States Equal Employment Opportunity Commission, or with any court?

36. How many of you have ever wanted to but did not file a charge of discrimination against any employer with any state or federal agency like the United States Equal Employment Opportunity Commission, or with any court?

37. Have you, any relative or close personal friend ever been accused of committing acts of discrimination or retaliation in the work-place?

38. If your answer to the previous question is yes, did you feel the person that made the accusation was justified?

39. Is there any juror who has ever decided to obey an employer's request – even if you thought it was wrong – because you were afraid your employer would retaliate against you?

40. In trials like this, jurors decide which side wins on the basis of whether they believe my client's side is more likely right than wrong. Some people think "more likely right than wrong" is not a fair standard because they feel it means my client's side doesn't have to actually prove anything. Others think it's ok. Are you a little closer to those who have a problem with this standard or those who think it's okay?  Why?

41. At the end of the trial, Judge Steve C. Jones will explain that you are required to decide what amount of money is appropriate based on whether the evidence shows my client's damages claims are "more likely right than wrong". You can have doubts on both sides, but when you weigh them all, if you think we're more likely right than wrong, you have to award damages accordingly. What trouble would you have, even a little, making

your decisions on the basis of whether we're more likely right than wrong?

42. As jurors, you have certain rights. For instance, you have the right to hear all the evidence in order to make a correct decision. If you cannot hear any of the evidence, would any of you have a problem raising your hand and asking the judge, "Your Honor, I did not hear what that witness said. Could you ask him to repeat it?"

43. You also have the right to know and make sure that each of your other jurors knows and is following the law. So, if during deliberations, anyone is refusing to follow the law, will you all be comfortable asking your foreperson to knock on the door and tell the bailiff you need the judge to come talk to a juror who won't follow the law?

44. Finally, can we count on you yourself to say strictly within the law when you're making your decisions, so we won't get into that situation?

45. In order to award damages, you only need to determine whether it is more likely than not that the damages that the Plaintiff has asserted is the correct amount. Please raise your hand if you would need more proof than that to award money to the Plaintiff.

**Attachment B-2**

(general questions which defendant wishes to be propounded to the jurors on voir dire examination)

1. Have you ever made a claim of racial discrimination against an employer, or co-worker?

2. Have you ever made a claim of age discrimination against an employer, or coworker?

3. Have you ever made a claim of gender discrimination against an employer or coworker?

4. Have you or our spouse ever filed a EEOC claim?

5. Have you ever sought counsel regarding a claim of discrimination?

6. Have you ever had a co-worker repeatedly threatening to sue their employer when speaking to fellow employees.

7. This is a case in which an employee has learned to play the system and target an employer for a payout. Does anyone here have the belief that small businesses should be targeted for a large winfall by the new employee?

8. Does any juror believe that there are people who make stories up to get monies from others.

9.  Does any juror think it possible that an employee could make up stories to get other employees to be fired.

10. Has anyone ever been in a position at work in which you were target by another employee. By targeted I mean doing or saying false allegations that against you that could get you fired or reprimanded.

## **Attachment C**

(Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.)

## Attachment D

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied (Rev. 03/01/11) APP.B - 24 upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

1. Summons in tis action was based in the Northern District of Alabama. There has been no motion allowing the summons to be amended under 4(a)(2) That would allow the summons to be amended.

2. Service for either Defendant was not perfected. Service was placed in the hands of a 13 year old who was preparing to walk to her bus. Under rule 4E(1)(b)and4(h)(1)(A) &(b) service can not be given to a minor. As to the Corporation service must be given to the registered agent.

3. For Good Cause Defense-Petitioner were never told is supervisor or General Manager of any racial complaints , or hostile work environment.

4. Affirmative Defense of Faragher-Elierth-Burlington Indus v. Elierth 742,761,765, 118 SCT. 2257,147 1. ED 2d 633(1988)

(a) The Employer exercised reasonable care to prevent and promptly correct any harassing behavior, specifically:

1) No supervisor at Birdies Wings was ever told of potential racial discrimination between employees.

2) There was a  no-tolerance policy explained at hire.

3) The Management was never given notice so a correction could occur.

(b) Michael Armstrong unreasonably failed to take advantage of any preventative or corrective procedures or to otherwise avoid harm if the discriminatory action happened. Plaintiff failed to report any action of racial discrimination.

## **Attachment E**

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the noncooperating counsel.

## **Attachment F-1**

The following is a list of the fact witnesses that Plaintiff will have present at

trial:

| Witness | Address |
|---|---|
| Michael Armstrong | Plaintiff may be contacted via the undersigned |

The following is a list of the fact witnesses that Plaintiff may have present at

trial:

| Witness | Address |
|---|---|
| Abigail Arendall | |
| Aden Arendall | |
| Jordan Sanchez | |
| Nathan McBain | |
| Malia Moorer | |
| Ruben Ceballos | |

## Attachment F-2

The following is a list of the fact witnesses that Defendant will have present at trial:

| Witness | Address |
|---|---|
| Matthew Devane-Breaux | 1239 Carriage Trial Norcross Ga |

The following is a list of the fact witnesses that Defendant may have present at trial:

| Witness | Address |
|---|---|
| Nathan McBain | 2763 Big Texas Valley Rd Rome Ga. 30165 |
| Abigall Arendall | 500 Williams Drive Apartment 1105 Kennesaw Ga. |
| Malia Moore | 4689 Dallas -Acworth Hwy, Dallas Ga 30132 |
| Ruben Ceballos | 2383 Favor Rd Sw Marietta Ga 30060 |
|  |  |
|  |  |
|  |  |
|  |  |

## **Attachment G-2**

## **DEFENDANT(S) DOCUMENT LIST**

*NDGa, use YELLOW stickers for Plaintiff's trial exhibits*
*Blue stickers for Respondents*

| Trial Ex. # | Description | Date |
|---|---|---|
| 1 | Resume from Indeed Michael Armstrong | 11/2023 |
| 2 | EEOC Charge of Discrimination | |
| 3. | Text between Plaintiff and Respondent Devane Breaux | 12/04/23 |
| 4. | Text between Plaintiff and Respondent Devane Breaux | 12/20/23 |
| 5. | Text between Plaintiff and Respondent Devane Breaux | 12/22/23 |
| 6. | Text between Plaintiff and Respondent Devane Breaux | 1/03/24 |
| 7. | Text between Plaintiff and Respondent Devane Breaux | 1/11/24 |
| 8. | Text between Plaintiff and Respondent Devane Breaux | 1/15/24 |
| 9. | Text between Plaintiff and Respondent Devane Breaux | 1/16/24 |
| 10. | Text between Kitchen Manager and Maria Vu | 1/04/24 |
| 11. | Text between Kitchen Manager Natan and Respondent Devane Breaux | 1/04/24 |
| 12. | Paycheck hours Armstrong | 12/10/23-12/23/23 |
| 13. | Paycheck hours Armstrong | 12/24/23-01/06/24 |
| 14. | Weekly Kitchen Schedule | 12-1/12-7 |
| 15. | Weekly Kitchen Schedule | 12-8/12-14 |
| 16. | Weekly Kitchen Schedule | 12-29/12/31 |
| 17. | Weekly Kitchen Schedule | 1-1-24/1-7-24 |
| | | |
| | | |
| | | |
| | | |
| | | |

Plaintiff reserves the right to use any exhibits identified on other exhibit lists.

**Attachment G-2**

**DEFENDANT'S DOCUMENT LIST**

| Trial Ex. # | Description | Date |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Defendant reserves the right to use any exhibits identified on other exhibit lists.

**<u>Attachment H-1</u>**

**<u>PLAINTIFF'S TRIAL BRIEF</u>**

## ATTATCMENT D DEFENDANT'S FACTS

Michael Armstrong was hired by Breaux Holding L.L.C. A.K.A Birdies Wings on December 2nd, 2024 as a line cook. He had minimal previous experience and was hired by personal interview through the online app Indeed. "See Resume from Indeed".

He began his employment and training on December 4th, 2024. He was hired on salary. There is no issue as to whether Mr.Armstrong was paid for his services.
He worked for 4 shifts. Then he notified Defendant Matthew Devane that is brother died and he required two weeks off. He was fully paid for his time he had been scheduled.

Mr. Armstrong returned to work on December 13, 2024. "See Exhibit--- ___Weekly Schedule for December 2024."

Mr. Armstrong was employed from December 2nd, 2023 to January 3rd, 2024, at which time he walked off the job without notification to any person.

Durning his entire employment which amounted to approximately 10 shifts he never once complained about any employee he was working with, either as calling him a racial slurr name or causing a hostile work environment based on racial discrimination.

The kitchen Plaintiff worked in was multi-ethnic.
The company Breaux Holding LLC and the General Manager had no idea of any allegations of racial discrimination till 3 months after Plaintiff had quit.

## **DEFENDANT'S TRIAL BRIEF**

A trial brief will be submitted 1 week prior to Trial.

RESPECTFULLY SUBMITTED,

**BARRETT & FARAHANY**                    **RHONDA KUNKLE**

*s/ Amanda A. Farahany*                       *s/ Rhonda Kunkle*
Amanda A. Farahany                        Rhonda Kunkle
Georgia Bar No. 646135                    Georgia Bar No. 078970
2921 Piedmont Rd.                         166 Anderson St Suite 124
Atlanta, GA 30305                         Marietta, GA, 30060
(404) 214-0120                            (770) 881-1009
amanda@justiceatwork.com                  kunklelaw@yahoo.com