IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL ARMSTRONG, | Civil Action No. |
| Plaintiff, | 1:24-cv-02042-SCJ-JKL |
| v. | |
| BREAUX HOLDINGS LLC, | |
| Defendant. | |

## **AMENDED CONSOLIDATED PROPOSED PRETRIAL ORDER**

1.

There are no motions or other matters pending for consideration by the court except as noted: Defendants shall file a motion to dismiss based on Rule 4 if this case is not dismissed a week prior to trial.

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

| Party | Attorney |
|---|---|
| Plaintiff: | Amanda A. Farahany |
| Defendants: | Rhonda Kunkle |

6.

Normally, the plaintiff is entitled to open and close arguments to the jury.(Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

*No objection.*

4933-5956-4111, v. 1

7.

The captioned case shall be tried (☒) to a jury or ( ) to the court without a jury, or ( ) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

*No objections. There are no issues to be bifurcated.*

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination. Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination. The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these

matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

## 11.

State any objections to plaintiff's voir dire questions: *NONE*

State any objections to defendant's voir dire questions: *NONE*

State any objections to the voir dire questions of the other parties, if any: *N/A*

## 12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

*No Objections*

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

*There is no pending litigation.*

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence.

All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case.

17.

The legal issues to be tried are as follows:

Proposed by Plaintiff:

*Whether Breaux Holdings discriminated against Mr. Armstrong;*

*What damages Mr. Armstrong is entitled to, including compensatory and punitive damages.*

Proposed by Defendant:

*Did the Defendant, Matthew Devane Breaux commit racial discrimination against his employee, Plaintiff, Michael Armstrong?*

*If it is found that racial discrimination has occurred was the employer made aware of the name calling between employees?*

4933-5956-4111, v. 1

*If so, did the General Manager fail to act? Can a hostile work environment be found?*

*Was the Respondent(s) the cause of a hostile work environment?*

*Was Michael Armstrong fired or did he quit without providing notice, and without provocation?*

*Was Michael Armstrong falsifying his allegations against Matthew Devane Breaux and Breaux Holdings LLC?*

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert witnesses, impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow

stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

*N/A*

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case.

8

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order.

*Parties agree to general verdict form.*

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

*Plaintiff requests 45 minutes for closing arguments.*

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed findings of fact and conclusions of law not later than the opening of the trial.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met to discuss in good faith the possibility of settlement of this case. The court (☒) has not discussed settlement of this case with counsel. It appears at this time that there is:

( ) A good possibility of settlement.

( ) Some possibility of settlement.

( ) Little possibility of settlement.

(x) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

28.

The Plaintiff estimates that it will require 1-2 days to present its evidence. The Defendant estimates that it will require 1.5 days to present its evidence. It is estimated that the total trial time is 3 days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case ( ) submitted by stipulation of the parties or ( ) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice.

IT IS SO ORDERED this _____ day of _____, 2025.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

Respectfully submitted,

**BARRETT & FARAHANY**

*s/ Amanda A. Farahany*
Amanda A. Farahany
Georgia Bar No. 646135
2921 Piedmont Rd.
Atlanta, GA 30305
(404) 214-0120
amanda@justiceatwork.com

**RHONDA KUNKLE**

*s/ Rhonda Kunkle*
Rhonda Kunkle
Georgia Bar No. 078970
166 Anderson St Suite 226
Marietta, GA, 30060
(770) 881-1009
kunklelaw@yahoo.com

**Attachment A - Questions for Court to Propound on Jurors Re Their Legal Qualifications to Serve**

**Plaintiff's Questions to Jurors Regarding Legal Qualifications to Serve**

1.

Do you have trouble reading, writing, speaking, or understanding the English language?

2.

Are you over the age of 18?

3.

Are you a citizen of the United States?

4.

Jurors for the Northern District of Georgia must reside in one of the following counties: Are you a resident of one of these counties?

5.

Have you resided in one of these counties for a period of at least one year?

6.

Do you have trouble seeing or hearing well? Do you have any other physical or mental health condition that would prevent you from serving as a juror in this case?

7.

This trial could take up to 3 days. Does that present a special problem for you?

8.

Have you read or heard anything about this case?

9.

Do any of you have a charge pending against you for the commission of, or have you been convicted in State or Federal Court of a crime punishable by imprisonment for more than one year, and if so, have your civil rights been restored?

10.

Do you know of any reason that you could not pass judgment in a case?

11.

Do you know of any reason that you could not apply the rules as they may be stated to you by the Judge?

12.

Are you or any members of your immediate family related by blood or marriage to Plaintiff Michael Armstrong?

4933-5956-4111, v. 1

13.

Do you or any members of your immediate family know Plaintiff Michael Armstrong?

14.

Are you or any members of your immediate family related by blood or marriage to Defendants?

15.

Do you or any members of your immediate family know Defendants?

16.

Are you related by blood or marriage to any of the attorneys in this case: Amanda A. Farahany, Rhonda Kunkle?

17.

Do you or any members of your immediate family know any of the attorneys in this case: Amanda A. Farahany, Rhonda Kunkle?

18.

Are you, or are any of your blood relatives, presently or in the past, an employee of Defendants?

**Attachment B-1 - Plaintiff's Voir Dire Questions**

**QUESTIONS FOR WRITTEN EXAMINATION**

1.

Please state your full name.

2.

What is your spouse's name? Children's names and ages?

3.

What is your occupation?

4.

What is your spouse's occupation?

5.

Have you or a family member ever sued anyone? If so, please provide details.

6.

Have you or a family member ever been sued? If so, please provide details.

7.

Are you involved in any civic or volunteer organizations? If so, please tell us about them.

8.

Do you have any training in human resources, law or the legal field, and/or office work?

9.

How would you describe your political leanings: Very conservative, Conservative, Moderate, Liberal, Very Liberal, Other, or Prefer not to answer?

10.

Have you or a family member ever thought you had good reason to sue, but decided against it?

11.

Have you or a family member had any training or education regarding equal employment opportunity policies?

12.

Have you or a family member developed policies in the workplace, or been required to implement policies in the workplace?

13.

Do you own your own business, or have you owned your own business in the past?

14.

What news stations do you watch on TV, if any?

15.

Do you listen to any talk radio shows? Which shows do you listen to?

16.

Do you get news from the Internet? Which websites do you visit most often for the news?

4933-5956-4111, v. 1

PLAINTIFF'S GENERAL VOIR DIRE QUESTIONS

**Questions Specific to 42 U.S.C. § 1981 Claims:**

1.

Has anybody here heard about 42 U.S.C. § 1981? What have you heard about it?

2.

This case involves allegations of racial discrimination in the workplace. Have any of you or any of your relatives or close personal friends ever experienced racial discrimination in the workplace?

3.

Have any of you ever witnessed racial slurs being used in the workplace?

4.

How would you feel about hearing testimony involving the use of racial slurs, including the N-word, in the workplace?

5.

Do you believe that the use of racial slurs in the workplace can create a hostile work environment?

6.

Have you ever worked in a restaurant or food service environment? If so, describe your experience.

7.

Have any of you ever been in a supervisory position where you had to address complaints of discrimination or harassment?

8.

When an employee complains about racial discrimination against another employee, some people believe that employee is doing the right thing. Others believe that employee should mind their own business. Which view are you closer to, even a little? Why?

**Questions About Retaliation:**

9.

Has anyone here ever lost a job after complaining about something they believed was wrong? Tell us about it. How long did it take after the complaint? Were you treated differently after the complaint?

10.

Have you ever been afraid to report wrongdoing at work because you were concerned about retaliation?

11.

Do you believe employees should be protected from retaliation when they report discrimination?

12.

Have you ever threatened to seek legal help regarding a workplace issue? What was the response?

**Questions About Damages:**

13.

This is a case in which money damages are sought as compensation for racial discrimination and retaliation. Do you have any disagreement with our system of justice which provides that disputes such as this should be brought before a jury?

14.

Some people have trouble allowing money in their verdicts for things like emotional distress or mental anguish caused by racial discrimination. Others are okay with it. Which are you a little closer to? Why?

15.

Under what circumstances would you think it is appropriate to require a company to pay money as punishment for racial discrimination - instead of just to compensate someone for the harm they've experienced?

16.

Plaintiff is seeking damages in a significant amount. If you believe from the evidence that Plaintiff is entitled to recover such amount, would you have any hesitation about awarding a significant amount of damages?

**Standard Employment Law Questions:**

17.

Have you previously served on a jury in either state or federal court involving employment discrimination? If so, please tell us about the case and whether the jury reached a verdict.

18.

Some people believe there are too many frivolous discrimination lawsuits. Others believe that lawsuits are necessary because it's the only place where an individual can stand up to discrimination. Which view are you closer to? Why?

19.

Does any member of the panel believe that the civil justice system should be changed to limit the ability of employees to bring discrimination claims against their employers?

20.

At the end of the trial, Judge Steve C. Jones will explain that you are required to decide what amount of money is appropriate based on whether the evidence shows my client's damages claims are "more likely right than wrong". You can have doubts on both sides, but when you weigh them all, if you think we're more likely right than wrong, you have to award damages accordingly. What trouble would you have, even a little, making your decisions on the basis of whether we're more likely right than wrong?

21.

In order to award damages, you only need to determine whether it is more likely than not that the damages that the Plaintiff has asserted is the correct amount. Please raise your hand if you would need more proof than that to award money to the Plaintiff.

## Attachment B-2 - Defendant's Voir Dire Questions

### 1.

Have you ever made a claim of racial discrimination against an employer or co-worker?

### 2.

Have you or your spouse ever filed an EEOC claim for racial discrimination?

### 3.

Have you ever sought counsel regarding a claim of racial discrimination?

### 4.

Have you ever had a co-worker repeatedly threatening to sue their employer when speaking to fellow employees about racial issues?

### 5.

Does any juror believe that there are people who make up stories about racial discrimination to get money from employers?

### 6.

Does any juror think it possible that an employee could make up stories about racial slurs to get other employees fired?

4933-5956-4111, v. 1

7.

Has anyone ever been in a position at work where you were targeted by another employee making false allegations about racial comments that could get you fired or reprimanded?

8.

Do you believe that workplace disputes involving racial language should be handled internally by management rather than through the courts?

9.

Have you ever worked in a restaurant or kitchen environment where strong language or heated exchanges were common?

10.

Do you believe that some employees are overly sensitive about workplace comments that may not have been intended as discriminatory?

4933-5956-4111, v. 1

## Attachment C - Plaintiff's Outline of the Case

From the plaintiff's proposed pretrial order, Attachment C should include:

### Factual Summary:

A Defendant cannot terminate an employee because the employee threatens to sue the employer for discrimination. Defendant itself contends that a reason for Mr. Armstrong's termination was that he "threatened to (scheme to) sue employer".

Michael Armstrong, a former employee of Breaux Holdings, LLC, sued for harassment and retaliation under 42 U.S.C. § 1981. Mr. Armstrong alleges that he was subjected to racial slurs in the workplace, including multiple uses of the N-word, that he complained about this treatment, and was subsequently terminated after threatening to seek legal assistance if the conduct was not addressed.

**Damages Sought:**

1. Declaratory Relief: An order from the Court declaring that Defendant discriminated against Plaintiff.

2. Injunctive Relief: Instatement to either Plaintiff's former position or an equivalent position; entry of a preliminary and permanent injunction prohibiting Defendant from future discriminatory acts.

3. Special Damages: Back pay from the date Plaintiff was terminated until the time of trial, together with all raises and benefits to which the Plaintiff would otherwise have been entitled, seniority, and all benefits of employment.

4. General Damages for Mental and Emotional Distress and Loss of Professional Reputation: An amount not less than $300,000.00.

5. Punitive Damages: An amount not less than $300,000.00.

6. Attorneys' Fees and Costs: As authorized by 42 U.S.C. § 1988.

7. Lost Wages: Plaintiff was earning approximately $650.00 per week at the time of his termination. Plaintiff's lost wages with mitigation are approximately $18,688.00. Plaintiff's lost wages continue to accrue in amount of approximately $344.00 per week.

4933-5956-4111, v. 1

## Attachment D - Defendant's Outline of the Case

From the filed pretrial order, Attachment D includes defendant's facts and defenses:

### Defendant's Facts:

Michael Armstrong was hired by Breaux Holding L.L.C. A.K.A Birdies Wings on December 2nd, 2023 as a line cook. He began his employment and training on December 4th, 2023. He was employed from December 2nd, 2023 to January 3rd, 2024, at which time he walked off the job without notification to any person. During his entire employment which amounted to approximately 10 shifts he never once complained about any employee he was working with, either as calling him a racial slur name or causing a hostile work environment based on racial discrimination.

**Defenses:**

1. Summons in this action was based in the Northern District of Alabama. There has been no motion allowing the summons to be amended under 4(a)(2).

2. Service for either Defendant was not perfected. Service was placed in the hands of a 13-year-old who was preparing to walk to her bus.

4933-5956-4111, v. 1

3. For Good Cause Defense - Petitioner were never told supervisor or General Manager of any racial complaints, or hostile work environment.

4. Affirmative Defense of *Faragher-Ellerth-Burlington Industries v. Ellerth*: The Employer exercised reasonable care to prevent and promptly correct any harassing behavior, and Michael Armstrong unreasonably failed to take advantage of any preventative or corrective procedures.

4933-5956-4111, v. 1

**Attachment E - Stipulated Facts**

Based on the documents, this section indicates "N/A" - no facts have been stipulated by the parties.

## Attachment F-1 - Plaintiff's Witness List

**Witnesses Plaintiff will have present at trial:**

- Michael Armstrong (Plaintiff may be contacted via the undersigned)

**Witnesses Plaintiff may have present at trial:**

- Abigail Arendall

- Aden Arendall

- Jordan Sanchez

- Nathan McBain

- Malia Moorer

- Ruben Ceballos

- Rhonda Breaux

4933-5956-4111, v. 1

**Attachment F-2 - Defendant's Witness List**

**Witnesses Defendant will have present at trial:**

- Matthew Devane-Breaux (1239 Carriage Trial, Norcross, GA)

**Witnesses Defendant may have present at trial:**

- Nathan McBain (2763 Big Texas Valley Road ,Rome, GA 30165)

- Abigail Arendall (500 Williams Drive, Apartment 1105, Kennesaw, GA)

- Malia Moore (4689 Dallas-Acworth Hwy, Dallas, GA 30132)

- Ruben Ceballos (2383 Favor Road, Sw, Marietta, GA 30060)

4933-5956-4111, v. 1

**Attachment G-1 - Plaintiff's Document List**

| Trial Exhibit # | Description | Date |
|---|---|---|
| 1 | SOP with exhibits | 11/25/2024 |
| 2 | Email from Indeed | 11/30 |
| 3 | Text messages (2 people) | 1/3/2024 - 1/18/2024 |
| 4 | Text with Mike | 12/5/2023 - 1/18/2024 |
| 5 | Text with Matt | 12/13/2023 - 12/30/2023 |
| 6 | EEOC Charge | 2/29/2024 |
| 7 | Pay Records 12.24.23-1.6.24 | 12/24/2023 - 1/6/2024 |
| 8 | Schedule | 12/2023 - 1/2024 |
| 9 | Pay record 12.1.23-12.23.23 | 12/10/2023 - 12/23/2023 |

Plaintiff reserves the right to use any exhibits identified on other exhibit lists.

4933-5956-4111, v. 1

**Attachment G-2 - Defendant's Document List**

| Trial Ex. # | Description | Date |
|---|---|---|
| 1 | Resume from Indeed Michael Armstrong | 11/2023 |
| 2 | EEOC Charge of Discrimination | |
| 3. | Text between Plaintiff and Respondent Devane Breaux | 12/04/23 |
| 4. | Text between Plaintiff and Respondent Devane Breaux | 12/20/23 |
| 5. | Text between Plaintiff and Respondent Devane Breaux | 12/22/23 |
| 6. | Text between Plaintiff and Respondent Devane Breaux | 1/03/24 |
| 7. | Text between Plaintiff and Respondent Devane Breaux | 1/11/24 |
| 8. | Text between Plaintiff and Respondent Devane Breaux | 1/15/24 |
| 9. | Text between Plaintiff and Respondent Devane Breaux | 1/16/24 |
| 10. | Text between Kitchen Manager and Maria Vu | 1/04/24 |
| 11. | Text between Kitchen Manager Natan and Respondent Devane Breaux | 1/04/24 |

4933-5956-4111, v. 1

12.          Paycheck hours Armstrong          12/10/23-12/23/23

13.          Paycheck hours Armstrong          12/24/23-01/06/24

14.          Weekly Kitchen Schedule          12-1/12-7

15.          Weekly Kitchen Schedule          12-8/12-14

16.          Weekly Kitchen Schedule          12-29/12/31

17.          Weekly Kitchen Schedule          1-1-24/1-7-24

**Attachment H-1 - Plaintiff's Trial Brief**

Plaintiff will file a trial brief one week before trial, based on any questions raised by the Court at the pretrial conference.

4933-5956-4111, v. 1

**Attachment H-2 - Defendant's Trial Brief**

A trial brief will be submitted one week prior to trial.

4933-5956-4111, v. 1